UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONAVON NORDSTROM,<br><br>    Petitioner,<br><br>    v.<br><br>PAUL THOMPSON, et al.,<br><br>    Respondents. | No. 2:21-cv-01880-DAD-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING HABEAS PETITION DUE TO PETITIONER'S FAILURE TO PROSECUTE<br><br>(Doc. No. 11) |

Petitioner Donavon Nordstrom is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 25, 2023, the assigned magistrate judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to petitioner's failure to prosecute this action. (Doc. No. 11.) In particular, the service copy of the court's order dated August 25, 2022, which was mailed to petitioner at his address of record, was returned to the court as undeliverable, "no longer here." Petitioner was therefore required by Local Rule 183 to file a notice of his change of address with the court no later than November 10, 2022. To date, petitioner has not filed a notice of his change of address or otherwise communicate with the court. The pending findings and recommendations were served upon the parties and contained notice

/////

1 | that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 1.)  To
2 | date, petitioner has not filed any objections and the time in which to do so has passed.[1]

3 |       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
4 | *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
5 | pending findings and recommendations are supported by the record and proper analysis.

6 |       Having concluded that the pending petition must be dismissed, the court also declines to
7 | issue a certificate of appealability.  A petitioner seeking writ of habeas corpus has no absolute
8 | right to appeal; he may appeal only in limited circumstances.  *See* 28 U.S.C. § 2253; *Miller-El v.*
9 | *Cockrell*, 537 U.S. 322, 335-36 (2003).  If a court denies a petitioner's petition, the court may
10 | only issue a certificate of appealability when a petitioner makes a substantial showing of the
11 | denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Where, as here, the court denies habeas
12 | relief on procedural grounds without reaching the underlying constitutional claims, the court
13 | should issue a certificate of appealability "if jurists of reason would find it debatable whether the
14 | petition states a valid claim of the denial of a constitutional right and that jurists of reason would
15 | find it debatable whether the district court was correct in its procedural ruling."  *Slack v.*
16 | *McDaniel*, 529 U.S. 473, 484 (2000).  In the present case, the court finds that reasonable jurists
17 | would not find the court's determination that the pending petition must be dismissed to be
18 | debatable or wrong.  Thus, the court declines to issue a certificate of appealability.

19 |       Accordingly,
20 |     1.    The findings and recommendations issued on April 25, 2023 (Doc. No. 11) are
21 |         adopted in full;
22 |     2.    The petition for writ of habeas corpus (Doc. No. 1) is dismissed;
23 | /////
24 | /////
25 | /////
26 | /////

---

[1] The service copy of the findings and recommendations, which was mailed to petitioner at his address of record, was again returned to the court as "undeliverable, no longer here."

3. The court declines to issue a certificate of appealability; and

4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **June 20, 2023**

UNITED STATES DISTRICT JUDGE